IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES E. BOLDEN, et al.                                                    PLAINTIFF(S)

v.                                                    Civil Action No. 2:07cv1006-KS-MTP

WAYNE FARMS, L.L.C., et al.                                           DEFENDANT(S)

**consolidated with**

PAMELA N. ALLEN, et al.                                               PLAINTIFF(S)

v.                                                    Civil Action No. 2:07cv1007-KS-MTP

WAYNE FARMS, L.L.C., et al.                                           DEFENDANT(S)

ORDER DENYING MOTION FOR SANCTIONS

THIS MATTER is before the court on a Motion for Sanctions [51] filed by defendant,

based on plaintiffs'[1] failure to respond to standard discovery.  Defendant seeks the dismissal of

these plaintiffs or, in the alternative, that any evidence that should have been disclosed by these

plaintiffs be barred.  Having reviewed the submissions of the parties, the entire record in this

matter and the applicable law, the court finds that the Motion for Sanctions should be DENIED.

Pursuant to paragraph 4 of Pretrial Order No. 2 [ecf doc. 22 in 2:07-md-1872], plaintiffs

were to serve their initial disclosures by July 15, 2008.[2]  On August 7, 2008, having received no

initial disclosures, defendant moved [ecf doc. 29 in 2:07-md-1872] to amend Pretrial Order No. 2

---

[1] 55 of the 100 plaintiffs at the Wayne Farms plant in Decatur, Alabama designated for initial disclosures have failed to provide them.  Nine of the 82 plaintiffs designated to respond to standard discovery have failed do so.  *See* ecf. docs 49-2, 51-2.

[2] Plaintiffs' failure to provide their initial disclosures is the subject of a separate motion for sanctions [49] currently pending before the court.  In a separate Report & Recommendation, the court has recommended that the motion be granted and that the 55 plaintiffs at issue in that motion be dismissed with prejudice.

to grant plaintiffs an extension until August 15 to serve their initial disclosures.  When the initial

disclosures had still not been served, on August 29, 2008, defendant moved for sanctions [23].[3]

By Order dated September 5, 2008 [ecf doc. 35 in 2:07-md-1872], the court granted in part and

denied in part defendant's motion to amend and extended the deadline for serving initial

disclosures and responding to standard discovery to October 1, 2008.   By separate Order [26]

dated September 5, 2008, the court denied defendant's motion for sanctions, but warned plaintiffs

that the issue of sanctions would be revisited if they failed to comply with the new deadline.

Specifically, the court stated that "should plaintiffs fail to provide their *initial disclosures* by

October 1, 2008 or otherwise comply with the deadlines in the Order [ecf doc. 35 in 2:07-md-

1872], their claims are subject to dismissal from this action" (emphasis added).  To date, 55 of the

100 plaintiffs designated for initial disclosures in this action have failed to provide them, and nine

of the 82 plaintiffs designated to respond to standard discovery have failed do so.

An initial matter, plaintiffs argue that the motion should be denied because defendant

failed to submit a Good Faith Certificate as required by Local Rule 37.1.[4]  This argument is

unavailing.  The purpose of Rule 37.1 is "to encourage parties to confer between or among

themselves and to avoid using the limited time and resources of the Court on routine discovery

disputes."  *Vineyard Development Co. v. Rogers*, 1997 WL 450052, at * 1 (S.D. Miss. Aug. 5,

1997).  As outlined above, however, the parties have been conferring on the issue of discovery for

several months, both with and without the court's involvement.  The court's September 5, 2008

---

[3] In this motion, defendant sought to exclude any defaulting plaintiff's offer of evidence
that should have been disclosed.

[4] "Prior to service of a discovery motion, all counsel shall be under a duty to confer in
good faith to determine to what extent the issue in question can be resolved without court
intervention.  A Good Faith Certificate [Official Form No. 5] shall be filed with all discovery
motions, with a copy to the magistrate judge...."

Order [26] warned plaintiffs that their claims were subject to dismissal if they failed to comply

with the new deadlines.  In the September 2008 Joint Status Report, Wayne Farms stated that it

would be seeking dismissal of those plaintiffs who had not made required initial disclosures and

who had not responded to the standard discovery requests.   After the October 1 deadline had

passed, defense counsel contacted plaintiffs' counsel via email and requested that they agree to

dismiss those plaintiffs who had not provided initial disclosures or who had still not responded to

standard discovery.  *See* ecf. docs. 63-2, 63-3, 64-2, 64-3.  Plaintiffs did not respond.  Thus, there

was no need for defendant to file a Good Faith Certificate, as plaintiffs were on notice that

defendant would be seeking the relief sought herein, and it was clear that plaintiffs "ha[d] neither

the intention to cooperate with [defendant]...nor the desire to conserve the resources [of] the

Court."  *Vineyard Development*, 1997 WL 450052, at * 2.

At any rate, even if the Good Faith Certificate should have been filed along with the

instant motions, this court "has the authority and jurisdiction to consider the motion[s]" without it,

as the Local Rules "are not jurisdictional in nature, and the Court is free to rule on motions not

served in precise compliance with them."  *Vineyard Development*, 1997 WL 450052, at * 1.

Therefore, the court will now turn to the merits of the motions.

This court has broad discretion to exercise its various sanctioning powers.  *Topalian v.*

*Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993); *see also Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th

Cir. 1993) ("The imposition of [discovery] sanctions is a matter of discretion for the district

court.") (citation omitted).  Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure provides that

"the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a

party or its attorney...fails to obey a scheduling or other pretrial order."  Rule 37(b)(2)(A)(v)

permits a court to issue such orders "as are just" to sanction a party who fails to obey an order to

provide or permit discovery, including dismissing the action in whole or in part.  To support the

severest sanctions under Rule 37(b) - the dismissal of a case - the Fifth Circuit has generally

required the following findings:  bad faith or willful conduct accompanied by a clear record of

delay or contumacious conduct; that the violation be attributable to the client instead of the

attorney; that the violating party's misconduct cause substantial prejudice to the opposing party;

and that less drastic sanctions would not substantially achieve the desired deterrent effect.  *See*

*FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994).

   These plaintiffs have clearly violated this court's orders regarding responding to standard

discovery (as well as with respect to initial disclosures).  A troubling pattern of conduct appears to

be developing on the part of plaintiffs with respect to their discovery obligations, causing the

court to call into question whether some of the plaintiffs truly desire to proceed with their claims.

   Nevertheless, dismissal with prejudice is a "draconian remedy" and a "remedy of last

resort."  *Merritt v. United Parcel Serv., Inc.*, 2008 WL 160702, at * 2 (S.D. Miss. Jan. 15, 2008)

(*citing Conner*, *supra*).  With that in mind, based on the above factors the court does not find that

dismissal of the nine plaintiffs who have failed to respond to standard discovery is warranted at

this time,[5] as they have not yet exhibited the degree of delay or contumacious conduct necessary to

---

   [5] As noted *supra*, however, the court is recommending in a separate Report &
Recommendation the dismissal with prejudice of the 55 Decatur plaintiffs who failed to provide
initial disclosures.  However, the plaintiffs who failed to respond to the standard discovery
requests are in a somewhat different position than those who have not provided initial
disclosures.  Initial disclosures were due on July 15, 2008, while discovery responses were due
on August 27, 2008.  Thus, the plaintiffs in default of their initial disclosure obligations have had
considerably more time afforded to them to meet their basic disclosure obligations.  Likewise, the
delinquent disclosure obligations have been the subject of a prior motion for sanctions.  Thus,
while those plaintiffs who have failed to respond to the standard discovery requests are clearly in
violation of the court's order of September 5, 2008 [doc. no. 35 in 2:07-md-1872], the court is
not recommending dismissal at this time and will instead provide them with a final opportunity
to respond.

justify dismissal of their claims.  Nor does the court believe it appropriate yet to bar any evidence from these plaintiffs.  Accordingly, the Motion for Sanctions will be denied, and plaintiffs will be given one final opportunity - until November 14, 2008 - to serve their responses to defendant's standard discovery requests.  Plaintiffs are strongly cautioned that if they fail to comply with this deadline, the issue of sanctions will be revisited.  Finally, the court finds that defendant's request for attorney's fees should be denied.

IT IS, THEREFORE, ORDERED that defendant's Motion for Sanctions [51] is denied, and that plaintiffs' deadline for responding to defendant's standard discovery requests is extended until November 14, 2008.

IT IS FURTHER ORDERED THAT defendant's request for attorney's fees is denied.

SO ORDERED this 31st day of October, 2008.

s/ Michael T. Parker
United States Magistrate Judge

5