IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| JAMES E. BOLDEN, et al. | PLAINTIFF(S) |
| v. | Civil Action No. 2:07cv1006-KS-MTP |
| WAYNE FARMS, L.L.C., et al. | DEFENDANT(S) |
| | **consolidated with** |
| PAMELA N. ALLEN, et al. | PLAINTIFF(S) |
| v. | Civil Action No. 2:07cv1007-KS-MTP |
| WAYNE FARMS, L.L.C., et al. | DEFENDANT(S) |

## ORDER GRANTING MOTION TO COMPEL DISCOVERY

THIS MATTER is before the court on a Motion to Compel Discovery [66] filed by defendant. Defendant has moved to compel Supplemental Responses to two interrogatories and nineteen document requests. Having reviewed the submissions of the parties and the entire record in this matter, the court finds that the motion should be GRANTED.

In response to Interrogatory 10, which requested that plaintiffs identify all additional items worn while working in Wayne Farms' plants, excluding those items identified in response to Interrogatory No. 9,[1] plaintiffs stated that to the best of their knowledge, all items worn are required. However, the specific items worn were not identified as requested in the interrogatory. In response to Interrogatory 11, which requested that plaintiffs identify those items worn while working (other than personal clothing) and which of those items Wayne Farms required them to don and doff in connection with an unpaid break, plaintiffs evaded the question and provided an

---

[1] This Interrogatory asked plaintiffs to identify each item that Wayne Farms requires them to wear while working.

unresponsive answer.

Plaintiffs argue that Wayne Farms already knows the answer to these interrogatories and, therefore, they should not be required to answer. However, Wayne Farms argues that it only knows that *certain* items have been required of *certain* categories of workers, and not the plaintiff-specific information it is seeking in this interrogatory. The court agrees with defendant that it is entitled to a full and complete answer to these interrogatories.

With respect to Document Requests 2-20, plaintiffs have stated that to the extent that responsive documents exist,[2] they will be produced. However, the documents have not yet been produced. As the deadline for responding to the document requests has passed,[3] and as the documents have not been produced, the court will set a deadline herein: plaintiffs shall produce the requested documents on or before December 22, 2008 (or shall state in their Supplemental Response that such documents either do not exist or are not in their possession, custody or control).

IT IS, THEREFORE, ORDERED and ADJUDGED that defendant's Motion to Compel Discovery [66] is granted. Plaintiffs shall provide Supplemental Responses to Interrogatories 10 and 11 and Document Requests 2-20 on or before December 22, 2008.

SO ORDERED this the 9th day of December, 2008.

---

[2] In their response to the Motion to Compel, plaintiffs argue that they are not required to produce documents that either do not exist or are not in their possession. That is no doubt true, but it misses the point. Where a document request calls for documents that do not exist or are not in plaintiffs' possession, custody or control, plaintiffs' shall so state in their response to the document request, so that defendant is not left to guess whether any responsive documents exist.

[3] Plaintiffs indicate that they will produce the requested documents "in accordance with the court's scheduling order." By Order [67] dated October 31, 2008, the court extended plaintiffs' deadline for responding to defendant's standard discovery requests to November 14, 2008.

s/ Michael T. Parker
United States Magistrate Judge