**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**


JAMES E. BOLDEN, et al.                                                    **PLAINTIFFS**

v.                                            **CIVIL ACTION # 2:07cv1006-KS-MTP**

WAYNE FARMS LLC                                                          **DEFENDANT**

CONSOLIDATED WITH

PAMELA M. ALLEN, et al.                                                  **PLAINTIFFS**

v.                                            **CIVIL ACTION #2:07cv1007-KS-MTP**

WAYNE FARMS LLC                                                          **DEFENDANT**


## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for partial summary judgment [Doc. #59] (October 15, 2008) filed by Defendant Wayne Farms LLC.  Defendant contends that 16 of the Plaintiffs should be judicially estopped from asserting their claims of violations of the Fair Labor Standards Act ("FLSA") because they failed to list the claims as assets in their bankruptcy petitions.[1]  The Plaintiffs do not oppose the instant motion.  For the reasons that follow, the motion for partial summary judgment should be **granted**.

## I.

Summary judgment is appropriate when the evidence before the Court shows "that there

---

[1] The Defendant seeks dismissal of the following Plaintiffs: Pratuangtip Bady, Linda Curnae Barrett, Jimmy W. Garrett, Scherrie J. Mason, Jeffrey L. Porter, Vickie Williams, Lorenzo E. Byers, Veronica E. Johnson Franklin, O'Brien Hood, Eric D. King, Melissa J. King, Damon B. Miller, Doris G. Miller, Jennifer Arnett Nance, Derrick D. Troupe, and Rayschio O. Watkins.

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(b). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Id.* There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). This is true "since a complete failure of proof concerning an essential element of the nonmoviing party's case necessarily renders all other facts immaterial." *Id.* at 323.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (quoting *Anderson*, 477 U.S. at 247). If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).

## II.

"[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims." *In re Coastal Plains, Inc.*, 179 F.3d 197, 207-08 (5th Cir. 1999) (citing 11 U.S.C. § 521(1)). "The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to

disclose all potential causes of action." *Id.* at 208 (quoting *Youngblood Group v. Lufkin Fed. S&L Ass'n*, 932 F. Supp. 859, 867 (E.D.Tex. 1996)). "[I]f the debtor has enough information prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed." *Id.* "Any claim with potential must be disclosed, even if it is 'contingent, dependent, or conditional.' " *Id.*

"When a debtor fails to disclose a pending or potential claim in her bankruptcy petition, she is judicially estopped from bringing that claim later." *Kamont v. West*, 83 F. App'x 1, 3 (5th Cir. Cir. 2003) (unpublished) (citing *In re Coastal Plains*, 179 F.3d at 210). "Judicial estoppel is a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." *In re Coastal Plains, Inc.*, 179 F.3d at 205.

> A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently. Judicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset.

*Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (internal citation omitted).

In the case at bar, the first factor is met because each of the Plaintiffs in question omitted the FLSA claim from his or her bankruptcy filing despite the fact that the FLSA claims had accrued at the time the bankruptcy petitions were filed. *See In re Superiro Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (a plaintiff's omission of a "claim from their mandatory bankruptcy filings is tantamount to a representation that no such claim existed"); *see also* Def.'s Exh's 2-30 [Doc. #59] (October 15, 2008). The second factor has also been met because each of the Plaintiffs has either received a discharge under Chapter 7 or had a reorganization plan confirmed

under Chapter 13.  *See* Def.'s Exh's 2-30 [Doc. #59].  Finally, because the Plaintiffs had a sufficient factual basis at the time they filed their petitions to know of and disclose their FLSA claims, the Court finds that the third factor is met and that the Plaintiffs' failure to disclose was not inadvertent.  *See In re Coastal Plains*, 179 F.3d at 210 (inadvertence can only be claimed when "the debtor either lacks knowledge of the undisclosed claims *or* has not motive for their concealment"); *see also Gaskins v. Thousand Trails*, 521 F. Supp. 2d 693, 697 (S.D.Oh. 2007) ("A debtor always has a motive for concealing potential causes of action in order to minimize income and assets.").  Because the Plaintiffs do not oppose the instant motion and have presented no countervailing evidence, the Court finds there to be no genuine issue of material fact and concludes that the Defendant is entitled to judgment as a matter of law with regard to these Plaintiffs.  As a result, the Plaintiffs' FLSA claims should be dismissed based on judicial estoppel.

### III.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant's motion for summary judgment [Doc. #59] is **granted** and the 16 plaintiffs are **dismissed with prejudice**.

SO ORDERED AND ADJUDGED on this, the 15th day of December, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

4