IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JAMES E. BOLDEN, et al.**                                                          **PLAINTIFFS**

**v.**                                                       **CIVIL ACTION # 2:07cv1006-KS-MTP**

**WAYNE FARMS LLC**                                                                 **DEFENDANT**

CONSOLIDATED WITH

**PAMELA M. ALLEN, et al.**                                                          **PLAINTIFFS**

**v.**                                                       **CIVIL ACTION #2:07cv1007-KS-MTP**

**WAYNE FARMS LLC**                                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for partial summary judgment [Doc. #77] (November 24, 2008) filed by Defendant Wayne Farms LLC. Defendant contends that it is entitled to judgment as a matter of law with regard to five of the Plaintiffs as there is no genuine issue of material fact with regard to their Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C.S. § 255(a).[1] The Plaintiffs do not oppose the instant motion.

**I.**

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(b). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.

---

[1] The Defendant seeks dismissal of the following Plaintiffs: Shelley A. Curvin, Elvira Esparza, Rose L. Fletcher, Peronica B. Porter, and Bonny Louetta Hart Salomon.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Id.* There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). This is true "since a complete failure of proof concerning an essential element of the nonmoviing party's case necessarily renders all other facts immaterial." *Id.* at 323.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (quoting *Anderson*, 477 U.S. at 247). If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).

## II.

The litigation in this case arises from the allegations that the Defendant has violated the FLSA by failing to compensate a number of its employees for work-related activities. In the instant motion, the Defendant contends that the Plaintiffs listed above can prove no such violation because they are quality assurance employees – rather than processing line employees – and were therefore not subject to the pay practices that gave rise to the litigation. In support of this contention, the Defendant has submitted a sworn declaration by Eric George, the Quality Assurance Manager at the processing plant. *See* Def.'s Exh. 2 [Doc. #77-3] (November 24,

2

2008). George's declaration substantiates the Defendant's arguments. As a result, the Defendant has met its burden under the summary judgment standard.

Here, the Plaintiffs do not oppose the instant motion and have presented no countervailing evidence. As a result, the Court finds there to be no genuine issue of material fact and concludes that the Defendant is entitled to judgment as a matter of law with regard to the aforementioned Plaintiffs.

**III.**

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant's motion for summary judgment [Doc. #77] is **granted** and the aforementioned Plaintiffs are **dismissed with prejudice**.

SO ORDERED AND ADJUDGED on this, the 19th day of December, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE